Butler J.
Delivered the opinion of the Court.
It appears very clearly in this case, that the defendant was discharged by the sheriff without the consent of the plaintiff. It was therefore on the part of the sheriff, suffering a voluntary escape.
In such a case the question arises, can the defendant throw upon the sheriff the exclusive liability to pay the debt? or was the debt ipso facto satisfied by the arrest. Prima facie, the taking of a debtor under a ca sa, is a satisfaction of the debt. The presumption of satisfaction must continue as long as the ca sa has actual operation. And I suppose it would not be otherwise if the plaintiff were to discharge the defendant without his consent. But when the defendant has escaped of his own accord, or by the voluntary act of the sheriff, I can see no good reason why he should be discharged from his original liability, or why the liability to pay the debt should be exclusively thrown on thc sheriff. It may be true that the sheriff could be held liable for the escape. But to compel a creditor to adopt such liability in lieu of the original debt, would be to compel him to take a debtor with whom he had made no voluntary contract In some instances the sheriff might be insolvent, whilst the defendant in *23 execution was good. In such cases the injustice of the proposition would be apparent. I think the law well stated in Bacon’s Abridgement, under the title Escape, letter C. It is there said: “It was formerly held, that when the sheriff suffered a prisoner in execution to make a voluntary cxcape, the prisoner was, in such case, absolutely discharged from the creditor, and that the right of action was entirely transferred against the sheriff, who by means of such escape became debtor ex delicto. But the latter decisions have been contrary, and it has been adjudged that when a sheriff suffered a voluntary escape, the plaintiff might have a new action of debt, scire facias quare execulionem non, against the prisoner.” Many authorities are cited.
In this view of the law a new trial is granted.